UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GINNEY ABEYTA,<br><br>       Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>       Defendants. | 2:15-cv-02320-RCJ-NJK<br><br>**ORDER** |

This case arises out of the reporting of debt during the pendency of a bankruptcy action. Pending before the Court is a Motion to Dismiss (ECF No. 11). For the reasons given herein, the Court grants the motion, with leave to amend.

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff Ginney Abeyta filed for bankruptcy in this District in June 2010. (Compl. ¶ 15, ECF No. 1-1, at 6). Her debts were discharged in March 2014, including her debt to Defendant Bank of America, N.A. ("BOA"). (*Id.* ¶¶ 16–17). Nevertheless, in October 2014, BOA reported to Defendant Equifax Information Services, LLC ("Equifax") that Plaintiff's debt to BOA had been 120–149 days overdue as of July 2010 and that the "first major delinquency" had been reported in August 2010. (*Id.* ¶ 25). Plaintiff sent one or more letters to Equifax to have the reports removed, but BOA continued to report the delinquencies. (*Id.* ¶¶ 30–42).

Plaintiff sued BOA, Equifax, and others in state court for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  BOA removed and has now moved to dismiss for failure to state a claim.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.     ANALYSIS

BOA argues that Plaintiff has alleged no violation of the FCRA, because she does not allege that it is false that as of July 2010, Plaintiff was 120–149 days behind on her debt to BOA. The Court agrees. Plaintiff does not allege that the fact of the previous delinquency is untrue. She alleges only that the reported debt had been included on her June 2010 bankruptcy schedules and was eventually discharged. That, however, is not an allegation of inaccurately reported debt. Bankruptcy does not prevent the reporting of a previous debt. If the fact of the previous delinquency in this case is true, the FCRA explicitly declines to prohibit its reporting for at least seven years. *See FTC v. Gill*, 265 F.3d 944, 948 (9th Cir. 2001) (citing 15 U.S.C. § 1681c(a)). The Court is unaware of any statute or case providing that discharge in bankruptcy makes a debt unreportable (as opposed to uncollectable) so long as only the fact of the previous delinquency is reported. The fact that Congress explicitly permits bankruptcies themselves to be reported for ten years from the date of discharge, *see* 15 U.S.C. § 1681c(a)(1), undermines any argument that Congress intended specific debts discharged in bankruptcy to be categorically unreportable. The claim under the reinvestigation provision of the FCRA, 15 U.S.C. § 1681i, fails for the same reason. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (holding that such claims require an underlying false report). Plaintiff alleges in the First Amended Complaint ("FAC"), filed in response to the present motion, that the statement in Equifax's October 2014 report that Plaintiff's account with BOA was "past due" in July 2010 and became a "major delinquency" in August 2010 were false because the debt had been reported on the schedules of the June 2010 Chapter 13 action and was eventually discharged. (*See* First Am. Compl. ¶¶ 32–33, ECF No. 18). The FAC does not cure the deficiencies explained, *supra*.

The Court therefore dismisses the Complaint and the FAC with leave to amend to allege: (1) that the reported delinquency was inaccurate in-and-of-itself, i.e., that there was never any such delinquency; and/or (2) that the October 2014 report indicated not only that the debt previously existed, but also (falsely) that it was still due and owing not only in July 2010, i.e., before it was discharged, but also at the time of the report, i.e., after it was discharged.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 11) is GRANTED, with leave to amend.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge