UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GINNEY ABEYTA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>　　　　Defendants. | 2:15-cv-02320-RCJ-NJK<br><br>**ORDER** |

This case arises out of the reporting of debt during the pendency of a bankruptcy action. Pending before the Court is a Motion to Dismiss (ECF No. 27). For the reasons given herein, the Court grants the motion.

## I.　FACTS AND PROCEDURAL HISTORY

Plaintiff Ginney Abeyta filed for bankruptcy in this District in June 2010. (Second Am. Compl. ¶ 12, ECF No. 25). Her debts were discharged in March 2014, including her debt to Defendant Bank of America, N.A. ("BOA"). (*Id.* ¶¶ 18–19). Nevertheless, in October 2014, BOA reported to Defendant Equifax Information Services, LLC ("Equifax") that Plaintiff's debt to BOA had been 120–149 days overdue as of July 2010 and that the "first major delinquency" had been reported in August 2010. (*Id.* ¶¶ 32–33). Plaintiff sent one or more letters to Equifax to have the information removed, but BOA continued to report the delinquencies. (*Id.* ¶¶ 34–46).

In the October 2014 report, Defendant Silver State Schools Credit Union ("Silver State") also reported a "major delinquency" as of July 2010. (*Id.* ¶ 49). Plaintiff sent one or more letters to Equifax to have the information removed, but Silver State continued to report the delinquencies. (*Id.* ¶¶ 50–60).

Plaintiff sued BOA, Equifax, and others in state court for violations of the Fair Credit Reporting Act ("FCRA"). BOA removed and moved to dismiss for failure to state a claim. Silver State joined the motion, and the Court granted it, with leave to amend. Plaintiff has filed the Second Amended Complaint ("SAC"), and BOA has moved to dismiss it for failure to state a claim.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

      A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

      "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary

1  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule
2  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay
3  Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court
4  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
5  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.
6  2001).

7  **III.   ANALYSIS**

8  Previously, BOA argued that Plaintiff had alleged no violation of the FCRA, because she
9  did not allege that it was false that as of July 2010, Plaintiff was 120–149 days behind on her
10 debt to BOA. The Court agreed. Plaintiff did not allege that the fact of the previous delinquency
11 was untrue. She alleged only that the reported debt had been included in her June 2010
12 bankruptcy schedules and was eventually discharged. That, however, was not an allegation of
13 inaccurately reported debt, because bankruptcy does not prevent the reporting of debt. If the fact
14 of the previous delinquency at issue were true, the FCRA explicitly declined to prohibit its
15 reporting for at least seven years. *See FTC v. Gill*, 265 F.3d 944, 948 (9th Cir. 2001) (citing 15
16 U.S.C. § 1681c(a)). The Court was unaware of any statute or case providing that discharge in
17 bankruptcy makes a debt unreportable as opposed to uncollectable. The fact that Congress
18 explicitly permits bankruptcies themselves to be reported for ten years from the date of
19 discharge, *see* 15 U.S.C. § 1681c(a)(1), undermines any argument that Congress intended
20 specific debts discharged in bankruptcy to be categorically unreportable. Indeed, the details of
21 such debts are listed in the publicly available bankruptcy schedules. The claim under the
22 reinvestigation provision of the FCRA, 15 U.S.C. § 1681i, failed for the same reason. *See*

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (holding that such claims require an underlying false report).

The Court therefore dismissed the FAC with leave to amend to allege: (1) that the reported delinquencies were inaccurate in-and-of-themselves, i.e., that there were never any such delinquencies; and/or (2) that the October 2014 report indicated not only that the debts previously existed, but also (falsely) that they were still due and owing not only in July 2010, i.e., before they were discharged, but also at the time of the report, i.e., after they were discharged. Plaintiff has slightly amended the relevant allegations. She now alleges that the October 20, 2014 Equifax report was inaccurate "in-and-of-itself since Plaintiff was not past due on the account in July 2010 and was current with all her obligations to [BOA] after filing her Chapter 13 Bankruptcy." (Second Am. Compl. ¶ 32). She also alleges that the report of the August 2010 date of "first major delinquency" was inaccurate "in-and-of-itself since Plaintiff's delinquency on this account occurred no later than June 20, 2010, the date she filed her Bankruptcy." (*Id.* ¶ 33).

The Court finds that this is simply a restatement of the previous insufficient allegations with the phrase "in-and-of-itself" added. No allegation of actual falsity has been made. Plaintiff's hybrid allegations–arguments in the SAC appear to say—and Plaintiff's response to the present motion confirms the argument—that it was false for BOA to report the debt because Plaintiff's legal obligations to pay the debt and BOA's legal rights to collect it were altered when Plaintiff filed for Chapter 13 bankruptcy protection, i.e., under the automatic stay, the confirmation plan, and eventually the discharge. The Court rejects this argument. As the Court noted in the previous motion to dismiss, the Bankruptcy Code prevents certain collection activities, but it does not alter the fact of delinquency. As noted previously, with exceptions not

relevant here, Congress explicitly declined via the FCRA to prevent the reporting of delinquencies as to discharged debts for seven years and bankruptcies themselves for ten. Congress has thereby chosen a balance between rescuing consumers from overwhelming debt by providing a discharge mechanism and protecting potential creditors going forward by permitting the reporting of delinquencies concerning the discharged debt, as well as the fact of bankruptcy itself, for the relevant periods.

One district court has noted that the Federal Trade Commission ("FTC") has interpreted § 1681e(b)'s requirement that credit reporting agencies "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" to mean that debts discharged in bankruptcy should include annotations as to whether the debt was discharged or voluntarily repaid, as appropriate. *See White v. Trans Union, LLC*, 462 F. Supp. 2d 1079 1081–82 (C.D. Cal. 2006) (citing 16 C.F.R. Pt. 600 app. § 607(3)(F)(2)). But the FTC itself has noted that it has only so interpreted the statute via an interpretive rule, not via any legislative rule with the force of law:

> This Commentary contains interpretations of the Federal Trade Commission (Commission) of the Fair Credit Reporting Act (FCRA). It is a guideline intended to clarify how the Commission will construe the FCRA in light of Congressional intent as reflected in the statute and its legislative history. The Commentary does not have the force or effect of regulations or statutory provisions, and its contents may be revised and updated as the Commission considers necessary or appropriate.

16 C.F.R. Pt. 600 app., para. 1. Persons can therefore expect the FTC to so interpret the regulations within its own sphere of action, but those interpretations are no part of the regulations themselves, because they have not been subject to the notice and comment procedure statutorily and constitutionally necessary to give the FTC's regulatory interpretations of the FCRA the force of law in court. *See Perez v. Mortg. Bankers Ass'n*, 135 S. Ct. 1199, 1204 (2015) (Sotomayor, J.)

("The absence of a notice-and-comment obligation makes the process of issuing interpretive rules comparatively easier for agencies than issuing legislative rules.  But that convenience comes at a price: Interpretive rules 'do not have the force and effect of law and are not accorded that weight in the adjudicatory process.'" (quoting *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 99 (1995) (Kennedy, J.)).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 27) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 21) is DENIED as moot.

IT IS SO ORDERED.

DATED: March 30, 2016.

_____
ROBERT C. JONES
United States District Judge